IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,831-01






EX PARTE LINDA JEAN JOHNSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. W93-04838-N(A) IN THE 195TH DISTRICT COURT

DALLAS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated robbery and sentenced to confinement
for fifty years. Applicant's conviction was affirmed on appeal. Johnson v. State, No. 05-94-01100-CR (Tex. App.--Dallas, delivered February 28, 1997, no pet.).

 Applicant contends that she desired to be placed on probation, but that trial counsel
failed to inform her of the State's initial plea offer of ten years and to enter her guilty plea
after she had agreed to a subsequent offer of eight years. In addition, Applicant contends that
during closing arguments trial counsel described Applicant as a "thief," a "liar," a "person
with no credibility," and a "dope addict that loved dope more than her own children"; argued
that Applicant was guilty of aggravated assault; and stated that Applicant's self-defense
testimony was "not important."

 The trial court has entered findings of fact or conclusions of law finding that counsel 
was effective. However, we do not believe that those factual findings are supported by the
record. Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for a fuller
resolution of those issues. The trial court shall resolve those issues as set out in Tex. Code
Crim. Proc. art. 11.07, § 3 (d), in that it shall order a live evidentiary hearing. 

 The trial court shall first decide whether Applicant is indigent. If the trial court finds
that Applicant is indigent and Applicant desires to be represented by counsel, the trial court
shall then, pursuant to the provisions of Tex. Code Crim. Proc. art. 26.04, appoint an
attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel failed to inform
Applicant of the State's plea offer of ten years and failed to enter Applicant's guilty plea after
the State offered eight years. If the trial court finds that counsel was deficient in either
respect, it shall then make findings as to counsel's reasons. Alternatively, if the trial court
finds that counsel was not deficient, it shall make findings as to why counsel then allowed
Applicant to waive her right to a jury trial, when only a jury was authorized to recommend
probation for the offense of aggravated robbery. See Tex. Code Crim. Proc. art. 42.12, §
3(g). Finally, the trial court shall make findings of fact as to whether counsel's statements
during closing arguments were deficient and, if so, whether counsel was ineffective. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing the transcription of the court reporter's notes from the live hearing, any
interrogatories, and any additional affidavits, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 21st DAY OF JUNE, 2006.





 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.